UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID MICHAEL BANNING,<br><br>                  Petitioner,<br>v.<br><br>HUTCHINGS, et al.,<br><br>                  Respondents. | Case No. 2:22-cv-00885-RFB-BNW<br><br>**Order Granting Motion to Dismiss, Denying Certificate of Appealability, and Closing Case**<br><br>**(ECF No. 11)** |

In his pro se 28 U.S.C. § 2254 habeas corpus petition David Michael Banning, incarcerated at Southern Desert Correctional Center ("SDCC") in Nevada, challenges the calculation and application of county jail days to his concurrent sentences. (ECF No. 7.) Respondents move to dismiss the petition as noncognizable on federal habeas review. (ECF No. 11.) They also argue that the petition is untimely and unexhausted. Banning opposed, and respondents replied. (ECF Nos. 15, 18). Banning raises a purely state-law claim, so the motion is granted, and his petition is dismissed for failure to state a claim for which federal habeas relief can be granted.

### I.    Procedural History and Background

Banning was arrested in four separate Nevada cases for fraud-related offenses. He ultimately was convicted in two felony cases: C-15-308382-1 and C-16-318216-1. (Exhs. 7, 8.)[1] A jury convicted Banning in case no. 308382 ("Bailus case"). (Exh. 7.) Judge Mark Bailus adjudicated

---
[1] Respondents exhibits to their motion to dismiss are found at ECF No. 12.

Banning a habitual criminal and sentenced him to 6 concurrent terms of 96 to 240 months, with 14 days credit for time served. (Id.) Banning pleaded guilty in case no. 318216 ("Villani case"), and Judge Michael Villani sentenced him to 96 to 240 months with 497 days credit for time served. (Exh. 8.) The judgments of conviction were entered on December 20, 2017. (Exhs. 7, 8.) The amount of credit in the Villani case was amended to 626 days of presentence credit. (Exh. 9.)Banning did not appeal either conviction. In September 2019, he filed a motion to clarify judgment of conviction. (Exh. 10.) The state district court denied the motion in March 2021, explaining that under state law Banning could not receive the 626 days credit in both cases. (Exh. 15.) Banning appealed, and the Nevada Court of Appeals affirmed the district court in November 2021. (Exh. 16.) The court of appeals stated that the claim fell outside the narrow scope of claims permissible in a motion to modify sentence.

Next Banning filed a motion for amendment of the judgment of conviction. (Exh. 17.) The state district court denied the motion in an order dated May 27, 2022. (Exh. 18.) Banning appealed. The Nevada Supreme Court dismissed his appeal, stating that the notice of appeal was filed on July 13, 2022, well after the 30-day deadline to appeal. (Exh. 19.) Thus, the court lacked jurisdiction over the appeal.

Banning then dispatched his federal habeas petition for filing on or about May 2022. (ECF No. 7.) He claims that he has not received the correct credit for time served, with the result that his minimum sentence is not the same for the two concurrent judgments of convictions, in violation of his Fourteenth Amendment due process rights. (Id.) Respondents now move to dismiss the petition as noncognizable and because the claim is untimely and unexhausted. (ECF No. 11.)

## II.     Legal Standard & Analysis

Respondents argue that the petition fails to state a federal claim. (ECF No. 11 at 3-4.) A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Alleged errors in the

interpretation or application of state law do not warrant habeas relief. Hubbart v. Knapp, 379 F.3d 773, 779-80 (9th Cir. 2004); see also Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990) ("noting that [the federal court] ha[s] no authority to review a state's application of its own laws")

Generally, matters relating to state sentencing are not cognizable on federal habeas review. See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) (state court's misapplication of state sentencing law does not justify federal habeas relief unless "fundamental unfairness" is shown). Further, Nevada prisoners do not have a liberty interest in parole or parole eligibility. See Moore v. Palmer, 603 F.3d 658, 661-662 (9th Cir. 2010).

Here, the court minutes on Banning's motion to clarify judgment of conviction reflect that the court advised Banning that he received the 626 days credit in the Villani case so he cannot additionally receive the credits in the other case. (Exhs. 10, 11.) In its order denying the motion, the court recited that Banning was arrested in the Bailus case on March 30, 2014. He posted bail and was released from custody. (Exh. 15.) While out on bail he was arrested on August 3, 2016, in the Villani case. He pleaded guilty in the Villani case and was sentenced on December 12, 2017, and given 626 days credit for time served. He was convicted in the Bailus case and was sentenced on December 14, 2017, and given 14 days credit for time served. NRS 176.055(2) provides that:

> A defendant who is convicted of a subsequent offense which was committed while the defendant was:
>
> (a) In custody on a prior charge is not eligible for any credit on the sentence for the subsequent offense for time the defendant has spent in confinement on the prior charge, unless the charge was dismissed or the defendant was acquitted.
>
> (b) Imprisoned in a county jail or state prison or on probation or parole from a Nevada conviction is not eligible for any credit on the sentence for the subsequent offense for the time the defendant has spent in confinement which is within the period of the prior sentence, regardless of whether any probation or parole has been formally revoked.

The court thus explained that pursuant to NRS 176.055(2), because Banning received the 626 days in the Villani case, he may not receive that credit in the Bailus case as well.

3

Respondents are correct that this is purely a state-law claim. Banning argues that his federal due process rights have been violated because he will not be eligible for parole under the two cases simultaneously. But he cannot state a claim of deprivation of federal due process because there is no liberty interest in parole or parole eligibility. Moore, 603 F.3d at 661-662. Accordingly, Banning's petition is dismissed for failure to state a claim for which federal habeas relief may be granted.[2]

### III.     Certificate of Appealability

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has sua sponte evaluated the claims within the petition for suitability for the issuance of a COA. See 28 U.S.C. § 2253(c); Turner v. Calderon, 281 F.3d 851, 864-65 (9th Cir. 2002).

Under 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. Id.

Having reviewed its determinations and rulings on Banning's petition, the court finds that its ruling fails to meet the Slack standard. The court therefore declines to issue a certificate of appealability for its dismissal of Banning's petition as untimely.

/

/

---

[2] The court notes that respondents also argue that the petition is untimely because, at the least, it was filed almost three years late, and unexhausted, because he never filed a state habeas petition and his postconviction motions raised no constitutional claims. (ECF No. 11 at 4-6.)

### IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss **(ECF No. 11) is GRANTED**. The petition **(ECF No. 7) is DISMISSED** for failure to state a claim for which habeas relief may be granted.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly and close this case.

DATED: 13 September 2023.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE